MARIAN K. KINSMAN vs. JACK PETRELLI & another. June 8, 1966. The plaintiff excepts to the direction of a verdict for the defendants in this action of tort for personal injuries allegedly sustained by her while a tenant at will of the defendants due to a fall on snow and ice on premises under their control. The plaintiff occupied one of four apartments in a large house, in which the defendants and two other tenants occupied the

---

[1] Mary P. Mahoney.

[2] Veterans of Foreign Wars, Walker-Rogers Post 662, Inc., Intervener (the Post).

other apartments. While on the driveway leading to the house and entering an automobile, the plaintiff slipped on a small piece of ice in a four-inch wide rut in a general area which the defendant Jack Petrelli had sanded two days before. There was no error. We set to one side the question whether in the light of the evidence of previous attention by the defendants they had a duty to sand icy areas of which they reasonably should have had knowledge. The record is silent on the length of time during which the ice had been present or the rut had existed. The temperature had varied from below to above freezing for a number of days prior to the accident. The time of origin of both rut and ice was in the realm of speculation. "We are not here dealing with comparatively fixed conditions shown to be existent at a given time from which some inferences as to a prior existence may be permissible." *Allan* v. *Essanee, Inc.* 309 Mass. 1, 6. The evidence was uncertain at best and so permeated with conjecture that the court was warranted in directing the verdict.

*Exceptions overruled.*

*Robert W. Cornell* for the plaintiff.
*Paul R. Frederick* (*Gilbert P. Wright, Jr.,* with him) for the defendants.


